IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OAKLEY, as | ) | |
| Administrator of the Estate of | ) | |
| WYMAN LUCICUS, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-85-WKW |
| | ) | [WO] |
| CEPERO TRUCKING, INC., and | ) | |
| A. L. LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Stephanie Oakley, as the administrator of the estate of Wyman Lucicus, commenced this wrongful death suit against Defendant Cepero Trucking, Inc. ("Cepero"), and A. L. Logistics, LLC ("ALL"), in the Circuit Court of Butler County, Alabama. ALL removed this action to this court on the basis of diversity jurisdiction.[1] *See* 28 U.S.C. §§ 1332(a), 1441(a). Although there is no challenge to

---

[1] In its Notice of Removal, ALL contends that it "is under no obligation to obtain consent to remove from Cepero because it [Cepero] has not been properly joined and served." (Doc. # 1, at 4.) Any challenge that ALL's removal violated the rule of unanimity has been waived. *See Londono v. Hilton Int'l Co.*, No. 07-21250-CIV, 2007 WL 9702715, at *1, n.2 (S.D. Fla. Aug. 22, 2007) ("The failure to have unanimity among defendants . . . is a procedural, not a jurisdictional defect, and consequently, any failure by the removing defendants to satisfy the unanimity requirement is waived as a basis for remand unless the plaintiff raises the defect within 30 days after removal."); *see also Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1202 (11th Cir. 2019) ("The failure to join all defendants in the petition is a defect in the removal procedure.").

subject matter jurisdiction, "jurisdiction cannot be created by consent." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) (per curiam).  Courts are obligated to raise concerns about subject-matter jurisdiction *sua sponte*.  *See id.* at 1304–05 (citation omitted); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (The courts "must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

For jurisdiction to rest on §§ 1332(a) and 1441(a), the Notice of Removal must set forth each party's citizenship, and those allegations must show diversity of citizenship between Plaintiff and Defendants.  The Notice of Removal provides that Plaintiff, as the administrator, "alleges that she is a resident of Mobile County, Alabama."  (Doc. # 1, at 3.)  It further sets forth that ALL is "a Texas limited liability company with its principal place of business in Texas."  (Doc. # 1, at 4.)  The Notice of Removal also delineates that Cepero has an "office in Lar[e]do, Texas," and that "[a] search of the Texas Secretary of State's business records indicated Cepero is incorporated in Texas."  (Doc. # 1, at 3.)  These are insufficient allegations of Plaintiff's citizenship and of an LLC's and corporation's citizenship.

First, when the party is the legal representative of the decedent's estate, the relevant citizenship is that of the decedent.  *See* § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the

Case 2:20-cv-00085-WKW-KFP   Document 19   Filed 10/27/20   Page 3 of 4

same State as the decedent . . . .").  Additionally, "[c]itizenship, not residence, is the key fact . . . to establish diversity for a natural person."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).   Second, "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'"  *Mallory*, 663 F.3d at 1305 (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)).  Therefore, "'[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . .'"  *Id.* (quoting *Rolling Greens MHP, L.P.*, 374 F.3d at 1022).  Third, a corporation is a citizen of (1) the "state by which it has been incorporated" and (2) the "state where it has its principal place of business."  § 1332(c)(1).

The Notice of Removal does not set out the citizenship of the decedent.  It also does not list the members of ALL and their citizenship.  Furthermore, the allegation that Cepero has an "office" in Texas is insufficient to establish its principal place of business.

ALL bears the burden of establishing removal jurisdiction.  *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").  As part of its burden, ALL must demonstrate that complete diversity of citizenship existed both at the commencement of the state-court action and at the time of removal.  *See Baker v.*

3

*Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1317 (M.D. Ala. 2008). Accordingly, ALL is DIRECTED to file a jurisdictional statement on or before **November 2, 2020**, to correct the deficient allegations of citizenship. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

DONE this 27th day of October 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE