IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OAKLEY, as Administrator of the Estate of WYMAN LUCICUS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-85-WKW [WO] |
| CEPERO TRUCKING, INC., and A. L. LOGISTICS, LLC, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the court is Defendant A.L. Logistics, LLC's ("ALL") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 4.) ALL, who was joined as an additional defendant in the amended complaint, argues that Plaintiff Stephanie Oakley's wrongful-death claims against it are time-barred. Ms. Oakley filed a response in opposition. (Doc. # 12.) She contends that the amended complaint relates back to the original complaint and, thus, is timely. ALL filed a reply brief addressing Ms. Oakley's arguments. (Doc. # 14.) After careful consideration of the allegations, arguments of counsel, and applicable law the court finds that All's Rule 12(b)(6) motion is due to be granted.

## II.  JURISDICTION AND VENUE

In this removed action, subject matter jurisdiction is proper on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Personal jurisdiction and venue are not contested.

## III.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

Furthermore, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation and internal quotation marks omitted).  When the time bar is apparent from the face of the complaint, "the burden of alleging facts which would give rise to the

tolling [of] the limitations period falls upon the plaintiff." *Parrish v. City of Opp, Ala.*, 898 F. Supp. 839, 841 (M.D. Ala. 1995).

## IV.  BACKGROUND

### A.  The Accident

The allegations are relatively straightforward.  On July 20, 2017, at approximately 2:15 a.m., Ricardo Diaz parked an eighteen-wheeler tractor-trailer on the side of Interstate 65 in Butler County, Alabama.  The truck's headlights and hazard lights were not activated. (Doc. # 1-1 (Compl.).)  Around the same time, Ms. Oakley's decedent—Wyman Lucicus ("Lucicus")—was travelling southbound on Interstate 65.  Mr. Lucicus struck Mr. Diaz's truck and died. (Doc. # 1-1.)  ALL "and/or" Cepero Trucking ("Cepero") owned the tractor-trailer and employed Mr. Diaz. (Doc. # 1-2, at 2–3 (Am. Compl.).)

### B.  The Parties, Claims, and Procedural History

On June 10, 2019, Plaintiff Stephanie Oakley ("Oakley"), as administrator of Mr. Lucicus's estate, commenced this action in the Circuit Court of Butler County, Alabama.  She sues Cepero for the wrongful death of Mr. Lucicus under theories of negligence, wantonness, and respondeat superior.  The caption of the complaint also includes "Fictitious Party Defendants A, B and C, whether singular or plural, being other legal entities who are legally responsible for any and all of Plaintiffs' injuries

. . . ." (Doc. # 1-1, at 1.)  The body of the complaint, however, does not describe any claims against the fictitiously named defendants.

On January 31, 2020, Ms. Oakley filed an amended complaint to add ALL as an additional defendant.  (Doc. # 1-2.)  The amended complaint alleges the same wrongful death theories of negligence, wantonness, and respondeat superior, but asserts liability against Cepero "and/or" ALL for the circumstances leading to Mr. Lucicus's death. (Doc. # 1-2, at 3.)

Thereafter, ALL timely removed the case to the United States District Court for the Middle District of Alabama.[1]  (Doc. # 1 (Not. of Removal).)  It then filed a motion to dismiss, arguing that Ms. Oakley's claims against it are time-barred under the two-year limitations period provided in § 6-5-140(d) of the Alabama Code. (Doc. # 4; Doc. # 5, at 2.)  Although conceding that the two-year statutory period to bring a wrongful death action against ALL has expired, Ms. Oakley argues that her amended complaint relates back to the original complaint, thus preserving her action against ALL.  (Doc. # 12.)

---

[1] In the Notice of Removal, ALL alleged that it was "under no obligation to obtain consent to remove from Cepero because it ha[d] not been properly joined and served." (Doc. # 1, at 4.) Ms. Oakley did not object to ALL's removal, and she has since demonstrated that she perfected service on Cepero by publication. (Doc. # 18.)

## V.  DISCUSSION

Alabama statutory law supplies the limitations period by which a plaintiff must commence a wrongful death suit.  That period is two years.  *See* Ala. Code § 6-5-410(d) ("The action must be commenced within two years from and after the death of the testator or intestate.").  Because more than two years elapsed between Mr. Lucicus's death on July 20, 2017, and Ms. Oakley's filing of the amended complaint on January 31, 2020, § 6-5-410(d) bars Ms. Oakley's claims against ALL unless the amended complaint relates back to the timely filed original complaint.  For the reasons to follow, the amended complaint does not relate back; the statutory period for Ms. Oakley to bring a wrongful-death action against ALL has expired; and Ms. Oakley's claims against ALL are subject to Rule 12(b)(6) dismissal.

Rule 15(c)(1) of the Federal Rules of Civil Procedure, which governs in this removed action, provides several avenues for establishing that an amendment to a pleading relates back to the original complaint.  *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").  Relevant to the context of the parties' arguments, Rule 15(c)(1)(A) incorporates Alabama's relation-back principles because Alabama law supplies the statutory period for bringing a wrongful-death action.  *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when . . . (A) the law that provides the applicable statute of limitations allows relation back."); *see also Saxton*

5

*v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001) ("Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where . . . state law provides the statute of limitations for the action.").[2]

ALL and Ms. Oakley both focus on the Alabama Rule of Civil Procedure governing relation back, but they cite different subsections. *See* Ala. R. Civ. P. 15(c). ALL argues that Mr. Oakley's amendment relies on, but does not satisfy, Alabama Rule of Civil Procedure 15(c)(4), which provides that "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." (Doc. # 5, at 6–8.) Emphasizing that the fictitiously named defendants appear only in the caption, ALL argues that an amendment to substitute ALL for a fictitiously named defendant cannot relate back because the complaint "does not state a cause of action against any of the fictitious defendants or provide a description of their wrongdoing." (Doc. # 5, at 8.) Ms. Oakley counters that ALL's motion "is based upon the erroneous assumption that [she] was attempting to add, or substitute ALL for a fictitious defendant." (Doc. # 12, at 1.) She asserts instead that, under Rule 15(c)(3) of the Alabama Rules of Civil Procedure, the amended complaint relates

---

[2] Because Alabama's wrongful-death act is a "statute of creation," the two-year limitations period for bringing suit is not a statute of limitations that is subject to tolling, but rather is a substantive component of the claim. *See Alvarado v. Estate of Kidd ex rel. Kidd*, 205 So. 3d 1188, 1189 (Ala. 2016) (citations omitted). Federal Rule 15(c) "applies to both statutes of creation and statutes of limitations." *Chumney v. U.S. Repeating Arms Co.*, 196 F.R.D. 419, 428 (M.D. Ala. 2000).

6

back to the filing of the original complaint.  (Doc. # 12, at 2.)  Ms. Oakley relies on Alabama Rule 15(c)(3), presumably through Federal Rule 15(c)(1)(A).

Because Ms. Oakley disclaims reliance on Alabama Rule 15(c)(4), the court's analysis will focus on Alabama Rule 15(c)(3) and its federal counterpart, Federal Rule 15(c)(1)(C).[3]  However, in the end, Ms. Oakley's amended complaint cannot relate back under Federal Rule 15(c)(1)(A), because Alabama Rule 15(c)(3) does not allow relation back.  And, because Federal Rule 15(c)(1)(C) and Alabama Rule 15(c)(3) share no differences that are material to the dispositive analysis, for the same reasons, Ms. Oakley's amended complaint cannot relate back under Federal Rule 15(c)(1)(C).  *See Borders v. City of Huntsville*, 875 So. 2d 1168, 1176 n.2 (Ala. 2003) ("Federal cases are authoritative in construing the Alabama Rules of Civil Procedure because the Alabama rules were patterned after the Federal Rules of Civil Procedure." (citation omitted)).

Under Alabama Rule 15(c)(3), which incorporates Alabama Rule 15(c)(2),

[a]n amendment of a pleading relates back to the date of the original pleading when . . .

---

[3] Alabama Rule 15(c)(3)'s requirements are the same as Federal Rule 15(c)(1)(C)'s, with this exception.  Under Alabama Rule 15(c)(3), the time during which the party must have received notice of the action is "within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later," while the notice period in Federal Rule 15(c)(1)(C) is ninety days.  Additionally, Alabama Rule 15(c)(2), which Alabama Rule 15(c)(3) incorporates, has an exception for "counterclaims maturing or acquired after pleading," but that exception is not invoked in this case.  Because Alabama Rule 15(c)(3) parallels Federal Rule 15(c)(1)(C) and because their distinctions are not implicated in this case, the outcome of ALL's motion is the same under either rule.

> (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied [*i.e.*, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading"] and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Ala. R. Civ. P. 15(c)(3) (alterations added).

ALL argues that Ms. Oakley's amended complaint does not fit within Alabama Rule 15(c)(3) because it adds ALL as an additional defendant and does not substitute ALL for Cepero or correct Cepero's name. Ms. Oakley disagrees. She contends that Alabama Rule 15(c)(3) applies because, when she filed the original complaint, she "'contemplated' ALL as a proper party defendant" and "intended to include ALL as a defendant," but "mistakenly misidentified" the owner of the eighteen-wheeler truck. (Doc. # 12, at 6 (quoting *Ex parte Profit Boost Mktg., Inc.*, 254 So. 3d 862, 870 (Ala. 2017).) The parties' arguments focus on Alabama Rule 15(c)(3)'s requirement—which mirrors Federal Rule 15(c)(1)(C)'s requirement—that "the amendment . . . changes the party or the naming of the party against whom a claim is asserted." As explained below, Ms. Oakley's amended complaint fails to

satisfy this requirement for relation back, and, thus, this issue is dispositive of the outcome in ALL's favor.[4]

Ms. Oakley is correct that *Ex parte Profit Boost Marketing* is instructive, but her assessment of its holding is flawed. In *Ex parte Profit Boost Marketing*, the plaintiff—a magazine coupon distributer—filed a defamation lawsuit against the City of Cullman and the Arab Chamber of Commerce stemming from the City's negative post on Facebook about the plaintiff's alleged misappropriation of the name and likeness of Hometown Values Coupon Magazine ("HVCM"). *See* 254 So. 3d at 864–65. After the statute of limitations had expired, the plaintiff filed an amended complaint adding as defendants HVCM and a third party that had entered into a licensing agreement with HVCM. *See id.* at 865. The plaintiff "candidly acknowledged that his second amended complaint did not substitute HVCM for one of the fictitiously named defendants included in the original complaint" so as to invoke Alabama Rule 15(c)(4). *Id.* at 868.

The Alabama Supreme Court held that, under Alabama Rule 15(c)(3), the plaintiff's claims against the newly added defendants did not relate back to the filing

---

[4] The court pretermits discussion of the parties' arguments as to the additional requirements for relation back under Alabama Rule 15(c)(3) and Federal Rule 15(c)(1)(C). Furthermore, the evidence the parties submitted is not relevant to the issue of whether Ms. Oakley's amended complaint joining ALL as an additional defendant conforms with the requirement in Alabama Rule 15(c)(3) and in Federal Rule 15(c)(1)(C) that "the amendment" is one that "changes the party or the naming of the party against whom a claim is asserted." Because evidence outside the pleadings has not been considered, the Rule 12(b)(6) standard governs, and ALL's requested Rule 12(d) conversion to summary judgment is not necessary. *See* Fed. R. Civ. P. 12(d).

of the original complaint. It explained that Alabama Rule 15(c)(3) "applies to a plaintiff's attempt to amend in order to correctly identify a defendant included in or contemplated by the plaintiff's original complaint." *Id.* at 863. But, as explained by the Alabama Supreme Court, "[t]hat is not what occurred in the present case. Instead, [the plaintiff's] second amended complaint specifically acknowledged that it 'add[ed] additional Defendants,' including HVCM," and the plaintiff "acknowledge[d] that no substitution occurred." *Id.* (first and third alterations added). The Alabama Supreme Court held: "HVCM has demonstrated that it was added as a defendant—not substituted for a fictitiously named defendant—after the expiration of the applicable limitations period and that relation-back principles do not apply." *Id.* at 871.

Ms. Oakley stands in analogous footing to the plaintiff in *Ex parte Profit Boost Marketing*. Ms. Oakley readily concedes that she is not substituting ALL for one of the fictitiously named defendants set out in the caption of the original complaint. (Doc. # 12, at 1–2.) She also does not dispute that, like the plaintiff in *Ex parte Profit Boost Marketing*, she is adding an additional defendant and is not substituting ALL in place of Cepero. In a later filing, Ms. Oakley reformulates her argument somewhat, suggesting that she should be permitted under Alabama Rule 15(c)(3) to add ALL as "an alternative" party until discovery uncovers which party—Cepero or ALL—is Mr. Diaz's employer. (Doc. # 13.) Contrary to Ms. Oakley's argument,

10

though, the facts and holding in *Ex parte Profit Boost Marketing* do not contemplate the addition of an entirely new defendant. Should discovery support the substitution of another party for Cepero, Ms. Oakley can address the soundness of an amendment under relation-back principles in a properly supported motion at a later date. On the operative rendition of the complaint, her claims against ALL are not saved by the relation-back principles in Alabama Rule 15(c)(3).

Furthermore, the holding in *Ex parte Profit Boost Marketing* aligns with this court's earlier interpretation of Alabama Rule 15(c)(3)'s federal counterpart, Rule 15(c)(1)(C). *See Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654 (M.D. Ala. 2015) (Watkins, J.). In *Stewart*, the court found that Federal Rule 15(c)(1)(C)'s relation-back doctrine does not apply where a plaintiff attempts to join entirely new defendants in addition to existing defendants. Rather, under Federal Rule 15(c)(1)(C)'s plain language, amendments relate back only when a plaintiff "'redirect[s] an existing claim toward a different party, and drop[s] the original party.'"[5] *Id.* at 659 (quoting *Telesaurus VPC, LLC v. Power*, No. CV 07-01311-

---

[5] *Stewart* is closely on-point with the facts here. Stewart initially was the defendant in a debt collection suit, but upon discovering that the creditor entities were not registered or licensed in Alabama, she filed a counterclaim under the Fair Debt Collection Practices Act ("FDCPA"). *Stewart*, 309 F.R.D. at 656–57. Stewart originally named a single defendant, a collection agency, in her FDCPA claim. *Id.* at 657. After the limitations period expired, Stewart learned that the collection agency's attorney and the attorney's law firm (*i.e.*, Mark Chambless and Chambless, Math & Carr, P.C.) were responsible for representing that the creditor entities were licensed in Alabama, and sought leave to amend her complaint accordingly. *Id.* Chambless argued that the claim was time barred, but Stewart contended that relation back applied. *Id.* at 657–58.

PHX-NVW, 2011 WL 5024239, at *3 (D. Ariz. Oct. 21, 2011)); *see also Telesaurus VPC, LLC*, 2011 WL 5024239, at *3 (examining the language and purpose of Federal Rule 15(c)(1)(C)); *see also Jadco Enters., Inc. v. Fannon*, No. CIV.A. 6:12-225-DCR, 2013 WL 6055170, at *5 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery[,] then attempts to broaden liability to attach new parties in addition to ones already before the court."), *on reconsideration in part on other grounds*, 991 F. Supp. 2d 947 (E.D. Ky. 2014)); *In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2012) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning the *proper party's identity*.' . . . As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases . . . . In an 'additional party' case like this one, there generally will be no 'mistake concerning' the proper party's 'identity.'").

Based on the foregoing persuasive authorities, the outcome of ALL's motion is the same under Alabama Rule 15(c)(3) and its federal counterpart. In order for

---

The *Stewart* court explored *Krupski v. Costa Crociere*, in which the Supreme Court of the United States held that "relation back under Rule 15(c)(1)(C) depends on what the party to be *added* knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. *Id.* at 660 (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)). Stewart argued that *Krupski's* use of the more open-ended word "added," as opposed to "substituted," indicated that Rule 15(c)(1)(C) allowed for relation back to apply to additional parties, and not just to new parties added to correct an error. *Id.* The court rejected this argument because *Krupski* involved one defendant being substituted for another after a mistake of the parties' identities, while Stewart was attempting to bring in Chambless and his firm as additional defendants. *Id.*

Ms. Oakley's amended complaint to "change[] the party or the naming of the party," it would have to replace Cepero, and not add ALL as an extra party. Ala. R. Civ. P. 15(c)(3); *see also* Fed. R. Civ. P. 15(c)(1)(C). Because Ms. Oakley is attempting to add ALL as an additional defendant, and not to substitute ALL for Cepero, Ms. Oakley's amended complaint does not satisfy Alabama Rule 15(c)(3) or Federal Rule 15(c)(1)(C). Because Ms. Oakley's amended complaint fails this threshold requirement, by extension, the amended complaint does not relate back to the filing of the original complaint.

## VI.  CONCLUSION

The amended complaint added ALL as an additional defendant after the expiration of the applicable limitations period, and, therefore, relation-back principles do not apply. Accordingly, it is ORDERED that ALL's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 4) is GRANTED, and Ms. Oakley's claims against ALL are DISMISSED.

The Clerk of the Court is DIRECTED to terminate ALL as a defendant.

DONE this 20th day of November 2020.

      /s/ W. Keith Watkins
    UNITED STATES DISTRICT JUDGE