IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OAKLEY, as Administrator of the Estate of WYMAN LUCICUS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-85-WKW [WO] |
| CEPERO TRUCKING, INC., | ) ) | |
| Defendant. | ) | |

# **ORDER**

Previously, after the statute of limitations had expired on her claims, Plaintiff amended her complaint to add Defendant A.L. Logistics, LLC ("ALL"), as a defendant alongside Cepero Trucking, Inc. ("Cepero"). ALL successfully moved to dismiss the claims against it as untimely. Because Plaintiff added ALL as an additional defendant and did not substitute ALL for Cepero, she could not satisfy a threshold requirement for application of the relation-back rule, *see* Fed. R. Civ. P. 15(c)(1)(C), and, thus, the statute of limitations barred her claims. (Doc. # 22, at 13 (Mem. Op. & Order).) Plaintiff now moves for leave to amend the complaint to substitute ALL for Cepero. (Doc. # 26.) The motion is due to be granted.

"Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Hall v.*

*United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (cleaned up) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires." (alterations added)).  Under Rule 15(a)(2), leave to amend "shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985).  Substantial reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (alteration added).  Based upon careful review of Plaintiff's motion and the proposed amendment, no substantial reason exists to deny leave to amend.  There is no indication of undue delay, bad faith, or dilatory motive on Plaintiff's part, or that the amendment will cause ALL to suffer undue prejudice.  Likewise, Plaintiff has not repeatedly failed to cure pleading deficiencies.  No further discussion is needed as to those grounds.  However, based on the history of this case, elaboration is warranted on why the proposed amendment to the Complaint is not futile, given the seeming lapse of the statute of limitations.

A court "may . . . decline leave to amend a complaint on the basis of futility if the newly-asserted claims would be barred by the applicable statute of limitations." *Bloodworth v. United States*, 623 F. App'x 976, 978 (11th Cir. 2015).

It is undisputed that Plaintiff's claims against ALL are time barred under the two-year statute of limitations unless they are saved by the relation-back rule. Previously, Plaintiff was unable to overcome ALL's statute of limitations defense; the relation-back rule did not apply because she had not substituted ALL for Cepero but had added ALL as an additional defendant. (Doc. # 22.) Now, however, in the proposed second amendment to the complaint, Plaintiff is redirecting her existing claims toward ALL and dropping the original Defendant, Cepero. *See Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654, 659 (M.D. Ala. 2015). Hence, relation-back now potentially is in play.

When an amended complaint changes the name of the defendant, it "relates back to the date of the original pleading" and thus is timely if (1) the claim arises from the "conduct, transaction, or occurrence set out . . . in the original pleading"; (2) the new defendant received notice of the action within the 90-day period for service of process such that "it will not be prejudiced in defending on the merits"; and (3) the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B), (C).

As to the first requirement, the same occurrence and conduct are at issue; the underlying facts in the proposed amended pleading have not changed. As to the remaining requirements, Plaintiff makes the following arguments. ALL had notice

of this action because "[t]he attorney for ALL received a copy of Plaintiff's Complaint the same day it was filed." (Doc. # 26, at 5.) Plaintiff "mistakenly misidentified" Cepero as the owner of the truck based on information contained in the accident report and erroneously "believed Cepero and ALL were one-in-the-same." (Doc. # 26, at 5, 8.) Finally, based on counsel for Plaintiff's correspondence with counsel for ALL during the year preceding the filing of the suit, ALL "knew or should have known that but for some 'mistake' it would have been named as a Defendant." (Doc. # 26, at 7.)

Plaintiff's arguments are persuasive, particularly in light of the Supreme Court's reasoning in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010):

> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Id.* at 549. *Krupski* supports application of the relation-back rule here. Although Plaintiff knew of ALL's existence early on, she failed to name ALL in the original complaint because she did not fully understand the distinction between Cepero and

4

ALL. She was under the mistaken impression that Cepero owned the truck and, thus, was the proper Defendant. On the present record, the proposed amended pleading relates back to the original complaint and, thus, is timely.

This finding does not foreclose ALL from raising a statute of limitations defense. If ALL has evidence that refutes Plaintiff's representations and exhibits, ALL can raise these matters in a properly supported summary judgment motion. However, Plaintiff sufficiently has demonstrated that her proposed amended pleading is not futile; hence, the courthouse doors are open for her lawsuit against ALL.

Accordingly, it is ORDERED that Plaintiff's motion for leave to amend the complaint (Doc. # 26) is GRANTED. On or before **March 1, 2021**, Plaintiff shall electronically file the amended complaint, titled as Second Amended Complaint (*see* Doc. # 26-8, at 2–4), with a current filing date.

DONE this 22nd day of February, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE